JUDGE DANIELS

'08 CIV 7327

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHANDRA SEKAR,

    Plaintiff,

-against-

PINCEIS TIGRE, S.A.,

    Defendant,
------------------------------------------------------------X



Case No.

(ECF Case)

NOTICE OF REMOVAL

RECEIVED
AUG 19 2008
U.S.D.C. S.D.N.Y.
CASHIERS

    PLEASE TAKE NOTICE that Defendant Pinceis Tigre, S.A. ("Tigre"), by and through its attorneys Schindler Cohen & Hochman LLP, hereby removes to this Court the lawsuit filed by Plaintiff Chandra Sekar ("Sekar") against Tigre in the New York Supreme Court, Couny of New York, Index No. 110376/08. In support of removal, Defendant states as follows:

    1.    On July 23, 2008, Plaintiff filed this civil action against Defendant in the New York State Supreme Court, County of New York. A copy of all process, pleadings, and orders is attached hereto as Exhibit A, in accordance with 28 U.S.C. § 1446(a).

    2.    Service of process of the Complaint has not yet been made on Defendant and by filing this Notice, Defendant is not representing that it is accepting service.

    3.    Although Tigre was never served with the Complaint, Tigre received a copy of the Complaint on August 1, 2008 from an attorney in the United States who has represented Tigre. Counsel for Sekar sent the Complaint and Summons to Tigre's counsel on July 31, 2008.

    4.    Defendant filed this notice of removal within thirty days after receiving the Complaint, as required by 28 U.S.C. § 1446(b).

{00040787}

5. In its Complaint, Plaintiff alleges that he is a resident of New York State. Exhibit A (Complaint) ¶ 1. Further, the contract at issue in the Complaint states that Sekar has an office at 808 Georgia Avenue, Brooklyn, New York, NY 11207.

6. Plaintiff further accurately alleges that Defendant Tigre is a corporation organized and existing under the laws of Brazil, having an office at Via Anhanguera, KM 15, Sao Paulo, Brazil. Exhibit A (Complaint) ¶ 2.

7. Plaintiff has alleged actual damages of approximately $100,000. Exhibit A (Complaint) ¶ 26 and Prayer for Relief.

8. Moreover, Defendant intends to file counterclaims seeking damages in excess of $75,000 excluding interest and costs.

9. Because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

10. Additionally, the contract that forms the basis of this action contains a New York choice of law and forum provision that authorizes this action to be heard in this district court.

11. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district embraces the place where the removed state court action has been pending.

12. Defendant will, after filing this Notice of Removal, promptly give notice thereof to Plaintiff and Defendant will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, as provided by law.

13. In accordance with Local Rule 81.1(b), Defendant shall file with the Court Clerk a copy of all records and proceedings in the state court.

{00040787}

14. By filing this Notice of Removal, defendants do not waive any defense that may be available to them, including but not limited to, the right to challenge validity of service of process, and do not concede that the allegations in the Complaint state a valid claim under applicable law.

WHEREFORE, Defendant, having established diversity of citizenship jurisdiction, respectfully requests that the above-captioned action now proceeding against them in the New York State Supreme Court for the County of New York be removed therefrom and proceed in this Court as an action duly removed.

Dated: New York, New York
       August 19, 2008

SCHINDLER COHEN & HOCHMAN LLP

By: _____
    Steven R. Schindler (SS-3511)
    Karen Zakrzewski (KZ-2266)

100 Wall Street
15th Floor
New York, New York 10005
(212) 277-6300
(212) 277-6333 (facsimile)

*Attorneys for Defendant Pinceis Tigre, S.A.*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHANDRA SEKAR                                             Index No 110376/08

                                  Plaintiff,

            -against-                                        COMPLAINT

PINCEIS TIGRE, S.A.,

                                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiffs, by their attorneys, MANDEL & MANDEL, LLP, complaining of the Defendant, allege as follows:

### PARTIES

       1.    Plaintiff CHANDRA SEKAR ("Mr. Sekar") is an individual who is a resident of New York State.

       2.    Defendant PINCEIS TIGRE, S.A. ("Defendant") is a corporation organized and existing under the laws of Brazil, having an office at Via Anhanguera, KM 15, São Paulo, Brazil.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

       3.    Mr. Sekar and Defendant are parties to a certain written License Agreement (the "License") dated November 1, 2005.

       4.    One of Defendant's obligations under ¶4 of the License is the requirement that it submit a quarterly report of sales and royalty computations, along with payment of the royalties then due, within 30 days after the end of each calendar quarter.

5. Defendant commenced production of Licensed Products(defined in the License) pursuant License and made timely quarterly reports and made timely royalty payments at the annual rate of approximately $60,000 per year through and including the third quarter of 2007.

6. Pursuant to the License, Defendant's report and royalty payment for the fourth quarter of 2007 were required on January 30, 2008.

7. Defendant failed to provide its fourth quarter 2007 royalty report and payment when due on January 30, 2008.

8. Defendant's failure to provide timely reports and payments constitute a material breach of the License.

9. Following defendant's material breach, Mr. Sekar terminated the License in a written communication (the "Termination Letter") sent by e-mail in accordance with the requirements of the License.

10. In the Termination Letter, Mr. Sekar reminded Defendant that pursuant to Defendant's Right of Execution (spelled out in the License) Defendant could continue to make certain sales of Licensed Products provided that it submitted an Execution Report and advance payment of royalties within a specified period after termination.

11. Defendant did not submit an Execution Report and Defendant did not pay advance royalties.

12. Defendant's rights under the License, including its right to manufacture and sell Licensed Products, terminated upon the issuance of the

Termination Letter.

13. Following the Termination Letter, Defendant did not communicate with Mr. Sekar for more than two weeks.

14. Even when Defendant thereafter communicated with Mr. Sekar, it did not provide payment, or provide a report in connection with its Execution Rights under § 11 of the Agreement.

15. On February 25, 2008, Mr. Sekar again wrote to Defendant demanding certification of Defendant's compliance with § 11 of the License (dealing with Defendant' post-termination obligations, including its duty to cease manufacturing and selling Licensed products and its obligation to destroy unsold inventory).

16. In subsequent communications, Defendant made it clear that it would continue to make and sell License Products after termination in violation of the terms of the License. See § 11, 6th unnumbered paragraph.

17. Defendant continues to manufacture and sell Licensed products after the License terminated.

<u>AS AND FOR A FIRST CAUSE OF ACTION FOR A DECLARATORY JUDGMENT
THAT THE LICENSE WAS EFFECTIVELY TERMINATED
BY PLAINTIFF BY REASON OF DEFENDANT'S
MATERIAL BREACH OF THE LICENSE</u>

18. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 17 above, with like force and effect as if here set out at length.

19. Timely reports and timely payment of royalties were material

requirements of the License.

20. Defendant's failure to make timely royalty reports and payment constituted a material breach which justified termination of the License by Mr. Sekar.

21. Defendant's rights under the License, except as to its Right Of Execution, ceased immediately upon termination by Mr. Sekar.

### AS AND FOR A SECOND CAUSE OF ACTION FOR DAMAGES FROM DEFENDANT'S CONTINUED MANUFACTURE AND SALE OF LICENSED PRODUCTS AFTER TERMINATION OF ITS LICENSE.

22. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 21 above, with like force and effect as if here set out at length.

23. Defendant continues to assert its position that the License continues in full force and effect despite termination by Mr. Sekar.

24. Subsequent to termination of its License, Defendant has continued to manufacture and sell Licensed Products, and it is likely to have evidentiary support after discovery that Defendant continues to represent itself to third parties as an exclusive licensee.

25. The License provides in § 11 that Defendant will not manufacture or sell Licensed Products after termination (other than pursuant to its Right of Execution).

26. By reason of the forgoing, Plaintiff has been damaged in an amount presently undetermined but estimated to be approximately $100,000.

### AS AND FOR A THIRD CAUSE OF ACTION FOR AN INJUNCTION COMPELLING DEFENDANT TO CEASE AND DESIST MANUFACTURING LICENSE PRODUCTS AND TO CEASE AND DESIST CLAIMING RIGHTS UNDER COLOR OF CONTINUATION OF THE LICENSE

27. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 26 above, with like force and effect as if here set out at length.

28. Mr. Sekar has been, and continues to be, irreparably harmed by Defendant's refusal to acknowledge that it is no longer licensed to manufacture and sell Licensed Products.

29. Plaintiff's ability exploit his the patent rights underlying the License, and his ability to license other prospective licensees in the territory are being interfered with by Defendant's refusal to acknowledge that the License is terminated and its refusal to cease and desist from the further manufacture of licensed products.

30. The loss of royalties during the remaining life of the patent are irreparable and immeasurable. The only appropriate remedy is injunctive relief Money damages will not constitute an adequate remedy to Mr. Sekar for Defendant's breach of contract resulting from its continuing to produce Licensed Products and for holding itself out as exclusive licensee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand the following relief:

A. On the first cause of action, a declaratory judgment that the License was effectively terminated, and that the License is of no further force and effect;

B. On the second cause of action, judgment in the sum of $100,000 or such other amount as may be proved at trial, plus interest from the date the License was terminated;

C. On the third cause of action, an injunction compelling Defendant to refrain from manufacturing and selling Licensed products, and from holding itself out as being licensed to exploit Plaintiff's Patent, and from otherwise interfering with the exploitation of Plaintiff's patent;

D. Costs and disbursements of this action; and

E. Such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         July, 23, 2008


Mandel & Mandel, llp


By _____
Frederick H. Mandel
Attorneys for Plaintiff
1350 Broadway
New York, NY 10018
Tel 212 594 5200
Fax 212 594 5236

e-mail fhm@mandel-mandel.com

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK
----------------------------------------------------------------X   FILED:

CHANDRA SEKAR                                                       INDEX No. 110376/08

                            Plaintiff,             Plaintiff designates New York County as the place of trial

    - against -

                                        **SUMMONS**

PRINCEIS TIGRE, S.A.,                                               The basis of the venue is contractual agreement and defendant's consent to jurisdiction in New York State

                            Defendant.
----------------------------------------------------------------X

To the above named Defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          July 29, 2008                                              MANDEL & MANDEL, LLP
                                                                     Attorneys for the Plaintiff

                                                                     _____
                                                                     By: Frederick H. Mandel
Defendant's Address:                                               Mandel & Mandel, LLP
Via Anhanguera, KM 15                                              1350 Broadway, Suite 2500
Anhanguera, KM 15 Sao Paulo Brazil                                 New York, NY 10018
                                                                     (212) 594-5200